fendant, "Suppose you give her back ninety dollars?" The defendant replied, "I would not give her a cent back." Thereupon the justice gave judgment for the plaintiff in the sum of $100. Defendant appeals.

The defendant made no motion to dismiss the complaint, but, as this appeal is from a judgment of the Municipal Court, we will determine the validity of the judgment according to the facts, without regard to such omission on the part of the defendant. We think the judgment was erroneous. The plaintiff's contract with defendant was that the former was to pay the latter $100, in return for which the latter was to prosecute the action against Smith. The plaintiff has paid the $100, and the defendant has already rendered all the services he could in said action, and stood ready and willing to carry out his part of the agreement to the end; but the plaintiff would not let him do so. The plaintiff should not be allowed to profit by such action on her part to the detriment of the defendant, especially as no sufficient reason for her abandonment of the Smith case appears to have been given.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

### UNION PAC. TEA CO. v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Term. February 4, 1904.)

1. GUARANTY BOND—LIABILITY OF GUARANTOR—PROSECUTION OF DEFAULTER.

Where a bond guarantying an employer against defalcation of its employés provides that the employer shall use all diligence in prosecuting any employé to conviction for any fraud or dishonesty, and "such action" shall be a condition precedent to recovery under the bond, the employer is entitled to recover for the defalcation of an employé whom it prosecuted with diligence, though no conviction was secured.

2. SAME—EVIDENCE OF DEFAULT.

Evidence *held* to justify a finding that an employé had defaulted in the sum of $322.18 by failure to account for goods of that value delivered to him, so that the employer's guarantor against such default is liable.

3. SAME.

Evidence *held* to show that an employé defaulted only in the sum of $13.51, instead of $39.99, the sum found by the jury in an action by the employer on a guaranty bond. '

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Union Pacific Tea Company against the Union Surety & Guaranty Company. From a judgment in favor of the plaintiff, defendant appeals. Affirmed on condition that the plaintiff consent to a modiffcation.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Van Schaick & Norton (Wilson B. Brice, of counsel), for appellant. Benner & Willcox, for respondent.

GILDERSLEEVE, J. This action was brought upon a general guaranty bond given by the defendant to the plaintiff, guarantying

plaintiff against loss sustained by reason of the fraud or dishonesty of any of its employés. The plaintiff claimed for the alleged defalcation of four of its employés, but upon the trial reduced its claim to the alleged defalcation of but two, viz., W. T. French, amounting to the sum of $322.19, and F. M. Taylor, amounting to $39.99; and there is also a claim made by the plaintiff for the sum of $17.86 for expenses in a criminal proceeding against French. The jury found for plaintiff, and judgment was entered for $380.03 damages and $35.38 costs. Four points are urged by the appellant as grounds. for reversal. First. That plaintiff failed to use due diligence in prosecuting Taylor "to conviction." Second. There is no proof of delivery of goods to Taylor, or their value. Third. There is no proof of delivery of goods to French, or their value. Fourth. Plaintiff failed. to use due diligence in prosecuting French "to conviction."

The bond sued on contained the provision that:

"The employer shall if, and when, requested by the company, at the expense of the company, use all diligence in prosecuting any employee to conviction for any fraud or dishonesty, as aforesaid which he shall have committed, and in consequence of which a claim shall have been made under the bond, and such action, when requested, by the employer shall be a condition precedent to recovery under this bond."

The defendant claims that the foregoing provision requires the plaintiff to show that both its employés were prosecuted to conviction. As to the employé Taylor, it was sufficiently made to appear that the defendant made no request for his prosecution by the plaintiff. As to the employé French, it appears that upon the request of the defendant the plaintiff made a complaint against French. He was arrested, and held for appearance before the grand jury. Plaintiff's agent thereafter went before the grand jury, and presented proof of the fraud, and the grand jury, for some unknown reason, failed to find an indictment against French, and he was discharged. The court below held that all that was required of the plaintiff, when requested to prosecute the employé charged with fraud, was "to use" all diligence in endeavoring to secure a conviction. With this we agree. The language of the bond is that "such action" by the employer, not "such conviction," shall be a condition precedent to a recovery; that is, that the employer shall use all due diligence in prosecuting the dishonest employé. The plaintiff could not control the criminal prosecution, but could only aid the district attorney to its utmost capacity in procuring a conviction. This seems to be the view originally adopted by the defendant itself of the contract, if we may judge by the language of its letter to the plaintiff, admitted in evidence, in which it asks the plaintiff to have French arrested and brought to trial, but says nothing to indicate that plaintiff must procure a conviction. Plaintiff was without power to bring French to trial, but could only lay its proofs before the grand jury, which plaintiff's agent swears was done. As the contract was drawn by the attorney or agent of the defendant, it must be interpreted as to doubtful provisions in favor of the plaintiff.

The bond provides for reimbursement to the plaintiff for such pecuniary loss as he may sustain by reason of "fraud or dishonesty" on the part of an employé. An employé might be guilty of a fraud

in connection with his employment resulting in loss to his employer, but which would not constitute a crime for which he could be indicted or convicted; and it cannot be said that, before the defendant is liable, there must be a conviction. There was sufficient testimony from which the jury were justified in finding that French had defaulted in the sum of $322.18. It was shown by the manager of plaintiff's store at Hornersville, Pa.; that between January 11 and May 9, 1902, a period covered by defendant's bond, goods had been delivered to French under a written contract (in evidence) by the terms of which French was to return the goods or the money for them within a certain time named therein, and that he failed to account for such goods to the amount and value of $322.18. When plaintiff notified the defendant of the shortage of French, it also sent a statement, admitted in evidence, of the items of goods sold French, and their value; and no attempt was made by defendant to impeach the correctness of this statement, nor was the testimony of plaintiff's manager disputed. Defendant made no motion for the dismissal of the complaint as to French upon the ground that plaintiff had failed to prove the value of the goods sold him, nor did he request the judge to charge the jury that no proof of the value of such goods had been given.

As to the shortage of the employé Taylor, no competent evidence was given, except his admission, contained in a letter from him to plaintiff, admitted in evidence, in which he acknowledged an indebtedness of $13.51, and which sum defendant admits Taylor converted. As the jury allowed the full amount of $39.99, claimed by plaintiff, the judgment should be reduced by the sum of $26.48.

Judgment is reversed, and a new trial granted, with costs to appellant to abide the event, unless respondent consents to deduct the sum of $26.48 from the amount of the judgment, in which case the judgment is modified by reducing the amount thereof to $388.93, and, as so modified, is affirmed, without costs of appeal to either party. All concur.